IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JOSHUA G. MCMILLIN, an individual, | Case No. 2:24-cv-01533-HL |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| WALMART INC., | |
| Defendant. | |

HALLMAN, United States Magistrate Judge:

     Pro se Plaintiff Joshua McMillin brings this action against Defendant Walmart, Inc. Plaintiff moved to proceed *in forma pauperis*. ECF 2. Because he has no appreciable income or assets, the Court granted that motion on September 23, 2024. ECF 5. However, this Court now recommends that Plaintiff's Complaint be dismissed WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND because it is apparent to a legal certainty that Plaintiff cannot recover an amount exceeding the $75,000 amount in controversy required for a diversity of citizenship case under 28 U.S.C. § 1332.

PAGE 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

Plaintiff Joshua McMillin brings this case against Defendant Walmart, Inc. and alleges that the requirements for diversity jurisdiction, 28 U.S.C. § 1332, are satisfied. Compl., ECF 1, 3. Plaintiff alleges that Defendant was negligent in its handling of an interaction with him at its store in Pendleton, Oregon. *Id.* at 4. Plaintiff visited the store to return bottles and a can for their deposit refund value. *Id.* Defendant's employees refused to take some of his bottles, stating that they could not take bottles that were not from their own store. *Id.* Besides refusing some of Plaintiff's bottles, the employees took his can without paying the 10¢ deposit refund. *Id.* Plaintiff reports that he felt humiliated, embarrassed, and belittled. *Id.* Plaintiff seeks "actual damages" of 10¢ for the theft of his can and $20 million in punitive damages. *Id.*

## STANDARDS

When proceedings are brought *in forma pauperis*, a court evaluates whether the complaint "is frivolous or malicious," "fails to state a claim," or "seeks monetary relief against a defendant who is immune from such relief," and it must dismiss the case if any of those bases are present. 28 U.S.C. § 1915(e)(2)(B). As part of that analysis, a court may also evaluate whether it has subject matter jurisdiction over the claim. *See Hardcastle v. N. Or. Reg'l Corr. Facility*, No. 3:19-cv-00288-AC, 2019 WL 2251823, at *1–2 (D. Or. filed May 1, 2019). A court must dismiss cases over which it lacks subject matter jurisdiction and may do so sua sponte. Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that courts "have an independent obligation to determine whether subject-matter jurisdiction exists").

The standard for determining whether a plaintiff has failed to state a claim under section 1915 is the same as that for a Rule 12(b)(6) dismissal. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint "must

PAGE 2 – FINDINGS AND RECOMMENDATION

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

Under diversity jurisdiction, a district court can exercise jurisdiction over a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1).[1] Generally, a plaintiff's good faith allegation regarding the amount in controversy is sufficient to satisfy the requirements of diversity jurisdiction. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[T]he sum claimed by the plaintiff controls."). But a district court is nevertheless obligated to scrutinize the amount in controversy to ensure that it has subject-matter jurisdiction over the claim. *See* Fed. R. Civ. Pro. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). To justify dismissing a complaint, it must be apparent to a legal certainty that a plaintiff cannot recover what they claim. *Saint Paul Mercury Indem. Co.*, 303 U.S. at 289.

Courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend their complaint unless it is clear that the

---

[1] There is no dispute in this case that the parties are citizens of different states.

PAGE 3 – FINDINGS AND RECOMMENDATION

deficiencies of the complaint cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000).

## DISCUSSION

It is apparent to a legal certainty that Plaintiff cannot recover an amount that satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332 for three reasons: First, Plaintiff cannot recover emotional distress or punitive damages for his alleged negligence claim. Second, even when this Court liberally construes the Complaint as stating a claim for conversion, Plaintiff cannot recover emotional distress or punitive damages. Finally, the Fourteenth Amendment's Due Process Clause precludes Plaintiff from recovering punitive damages sufficient to meet the amount-in-controversy requirement for diversity jurisdiction. Because it is apparent to a legal certainty that Plaintiff cannot recover more than $75,000, and Plaintiff cannot cure that deficiency by amending his Complaint, this Court lacks subject matter jurisdiction and recommends dismissing the claim without leave to amend.

**I.     Plaintiff cannot recover emotional distress or punitive damages for his negligence claim.**

In his Complaint, Plaintiff seeks to recover "actual damages" of 10¢ for the theft of his can and $20 million in punitive damages. Compl. 4. He also describes feeling "humiliated" and "embarrassed." *Id.* But Plaintiff cannot recover either punitive damages or damages for emotional distress under a theory of negligence. Thus, it is apparent to a legal certainty that his negligence claim cannot meet the amount-in-controversy requirement to establish subject matter jurisdiction.

Under Oregon law, simple negligence cannot support a claim for punitive damages without allegations of additional factors showing aggravated misconduct. *Jane Doe 130 v. Archdiocese of Portland in Or.*, 717 F. Supp. 2d 1120, 1140 (D. Or. 2010). Aggravated

PAGE 4 – FINDINGS AND RECOMMENDATION

misconduct means that the defendant "has acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others." ORS § 31.730(1). Plaintiff does not allege aggravated misconduct by Defendant or its employees and therefore cannot recover punitive damages.

Oregon also bars recovery of emotional distress damages in negligence claims without a physical injury, unless the defendant inflicted the emotional distress intentionally, inflicted the emotional distress knowingly while being in a position of responsibility relative to the plaintiff, or negligently violated a legally protected interest apart from inflicting the distress. *Paul v. Providence Health Sys. Or.*, 351 Or. 587, 597–98 (2012). When there is a separate violation of a legally protected interest, damages for emotional distress "cannot arise from infringement of every kind of legally protected interest, but from only those that are 'of sufficient importance as a matter of public policy to merit protection from emotional impact.'" *Lockett v. Hill*, 182 Or. App. 377, 380 (2002) (quoting *Hilt v. Bernstein*, 75 Or. App. 502, 515 (1985)). Examples of a qualifying protected interest include the right against wrongful invasions of privacy, the right to have another comply with a court order or statute designed to protect against emotional harm of the kind that occurred, and other common law rights such as the right to be free from private nuisance. *Moody v. Or. Cmty. Credit Union*, 371 Or. 772, 786 (2023). Plaintiff does not allege that Defendant or its employees intentionally or knowingly inflicted emotional distress on him, nor that they violated an important protected interest. Therefore, he cannot recover emotional distress damages.

Because Plaintiff cannot recover punitive or emotional distress damages, it is apparent to a legal certainty that any negligence claim cannot satisfy the amount-in-controversy threshold for this Court to have subject matter jurisdiction over the claim under 28 U.S.C. § 1332(a)(1).

## II. Even when liberally construed as stating a claim for conversion, Plaintiff's Complaint cannot satisfy the amount-in-controversy threshold required for diversity jurisdiction.

Because a pro se pleading should be liberally construed, this Court also considers whether Plaintiff's Complaint states a different cause of action. Plaintiff alleges that Defendant "stole" a can with a refund value of 10¢. Compl. 4. Under Oregon law, a claim of conversion requires "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Thompson v. Inman*, No. 6:22-cv-01665-MK, 2024 WL 2078401, at *2 (D. Or. filed May 9, 2024) (internal quotations omitted). Plaintiff's allegation—that Defendant "stole" his can—if accepted as true, has sufficient factual content to establish a claim for conversion.

But Plaintiff still lacks a path to recover an amount that satisfies the amount-in-controversy requirement. In Oregon, the basic measure for damages for conversion is "the reasonable market value of the converted property at the time and place of conversion." *Thompson*, 2024 WL 2078401, at *3 (citing *Hall v. Work*, 223 Or. 347, 357 (1960)). Plaintiff's Complaint asserts that the can was worth 10¢ for its deposit value, which does not meet the amount-in-controversy requirement. And neither emotional distress nor punitive damages are available for Plaintiff's claim. Emotional distress is only compensable for conversion when the "emotional distress is a common and predictable result under the circumstances of the kind of conversion involved." *Id*. (citing *Mooney v. Johnson Cattle Co.*, 291 Or. 709, 716 (1981)). Punitive damages are awarded for conversion claims only when there is "evidence of malice or

PAGE 6 – FINDINGS AND RECOMMENDATION

willful, wanton disregard of the property rights of plaintiff or other aggravating circumstances." *Hall*, 223 Or. at 363. Here, emotional distress is not compensable because it is not a common and predictable result of a theft of a can. And punitive damages are unavailable because Plaintiff does not allege any aggravating circumstances.

Because Plaintiff cannot recover emotional distress or punitive damages, it is apparent to a legal certainty that any conversion claim cannot satisfy the amount-in-controversy threshold for this Court to have subject matter jurisdiction over the claim under 28 U.S.C. § 1332(a)(1).

### III. The Fourteenth Amendment's Due Process Clause prevents Plaintiff from recovering an amount that would satisfy the amount-in-controversy requirement.

As described above, Plaintiff cannot recover punitive damages under theories of negligence or conversion. But even if punitive damages *were* available, the Fourteenth Amendment's Due Process Clause prevents Plaintiff from recovering punitive damages sufficient to meet the amount-in-controversy requirement.

Oregon law recognizes that punitive damages may be awarded to deter a large organization or enterprise from future misconduct, even where the misconduct at issue is "wholly impersonal with respect to any victim." *Jane Doe 130*, 717 F. Supp. 2d at 1140–41 (quoting *Andor v. United Air Lines, Inc.*, 303 Or. 505, 514 (1987)). But "[t]he Due Process Clause of the Fourteenth Amendment prohibits a State from imposing a 'grossly excessive' punishment on a tortfeasor." *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). Courts must consider three guideposts when determining whether punitive damages are grossly excessive, including "(1) the degree of reprehensibility of the defendant's misconduct, (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award, and (3) the difference between the punitive damages . . . and the civil penalties authorized or imposed in comparable cases." *State Farm Mut. Auto Ins. v. Campbell*, 538 U.S. 408, 418 (2003).

PAGE 7 – FINDINGS AND RECOMMENDATION

Defendant's alleged conduct was not so reprehensible as to warrant a significant punitive damage award. And there is an enormous disparity between the actual harm and Plaintiff's requested damages of $20 million, or even enough to satisfy the amount-in-controversy requirement. There is also an existing civil penalty scheme that authorizes penalties that are far smaller than the award sought by Plaintiff. Oregon's "Bottle Bill" allows for consumers to report recycling centers for refusing to accept bottles according to the rules, and the Oregon Liquor and Cannabis Commission may impose fines of up to $500 per day for infractions. ORS § 459A.717(1). Thus, all three guideposts demonstrate that Plaintiff's requested damages—or the amount required to qualify for jurisdiction under 28 U.S.C. § 1332—would be grossly excessive and violate the Fourteenth Amendment's Due Process Clause. Therefore, it is apparent to a legal certainty that Plaintiff cannot rely on punitive damages to recover what he claims or enough to satisfy the amount-in-controversy threshold for this Court to have subject matter jurisdiction over the claim under 28 U.S.C. § 1332(a)(1).

**IV.    Amendment cannot cure the deficiencies in the complaint.**

Finally, Plaintiff's Complaint should be dismissed without leave to amend because amendment could not cure the Complaint's deficiencies. For the reasons set forth above, there is no plausible factual basis, under any legal theory, for Plaintiff to recover an amount exceeding $75,000 as the result of Defendant's actions with respect to a can with a refund value of 10¢. It is therefore clear that the deficiencies of the Complaint cannot be cured by amendment, and Plaintiff's Complaint should be dismissed without leave to amend.

## RECOMMENDATION

For the reasons discussed above, Plaintiff's Complaint should be dismissed WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 5th day of November, 2024.

ANDREW HALLMAN
United States Magistrate Judge